IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JEFF AND MARLENE HART,

    Plaintiffs,

                                                No. 1:15-cv-1028-JDB-egb

vs.

RICKY L. WOOD AS SUBSTITUTE
TRUSTEE AND WOOD LAW OFFICES, P.C,
AND THE HARDIN COUNTY BANK AND
RICKY L. WOOD AND JOHN DOES 1-10,

    Defendants.

---

| JEFF AND MARLENE HART, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 1:15-cv-1143-JDB-egb |
| | ) | |
| RICKY L. WOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**REPORT AND RECOMMENDATION**

---

On February 11, 2015, the *Pro Se* Plaintiffs filed this Complaint, alleging, *inter alia*, violations of the Fair Debt Collection Practices Act, and The Real Estate & Settlement Procedures Act. The Defendants are Ricky L. Wood, Individually and as a Substitute Trustee, Wood Law

1

Offices, P.C., Hardin County Bank, and John Does 1-10. On February 13, 2015, Chief Judge J. Daniel Breen granted Plaintiffs *in forma pauperis* status.[1]

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

> The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the]

---

[1] On June 4, 2015, the 15-1143 Complaint was transferred into this Court from the Northern District of Alabama. It is identical to the 15-1028 Complaint. Accordingly, the two will be addressed as one.

2

complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based

3

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827. Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting

Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## BACKGROUND

The Complaint [D.E. 1] of Plaintiffs Jeff and Marlene Hart state they purchased their house at issue in this lawsuit – at 112 Vine Street in Savannah, Tennessee - on October 1, 2008 and provided a promissory note and trust deed naming The Hardin County Bank as lender and mortgagee of record and Gordon Majors as trustee. Having ceased making payments - at least to the point of the institution of foreclosure - Plaintiffs here appear to assert a claim that they should have the house free and clear of the mortgage.

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and alteration omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of

---

[2] See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also* Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, ___ F. App'x ___, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims), *cert. denied*, 502 U.S. 958, 112 S. Ct. 418, 116 L. Ed. 2d 438 (1991); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is.  And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of

7

these pleadings would have made an orderly trial impossible"); <u>Gordon v. Green</u>, 602 F.2d 743, 744-45 (5th Cir. 1979) (4000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); <u>Windsor v. A Fed. Exec. Agency</u>, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8 because a 47-page complaint is not required to state a simple claim and because the complaint "is confusing and distracting"), *aff'd mem*, ___ F. App'x ___, 1985 WL 13427 (6th Cir. June 27, 2005) (per curiam).

Federal courts have not hesitated to dismiss lawsuits by <u>pro se</u> litigants challenging foreclosures on this basis. For example, one district court in this circuit recently stated as follows:

> Even under the lenient standards governing *pro se* pleadings, Plaintiff's complaint in this case is an incomprehensible grab-bag of disjointed references to various statutes, treaties, legal doctrines, judicial rulings, and the like. Similarly, Plaintiff has eschewed any sort of straightforward response to Defendants' motions, and instead has submitted over 70 pages of documents bearing such captions as "affidavit of fact," "writ in the nature of discovery," and "legal notice of removal." The Court appreciates that the legal system can be difficult for a layperson to navigate, but the rules of pleading are designed to facilitate access to the courts by *pro se* litigants without the need for specialized legal training or expertise, requiring only a "short and plain statement" of the grounds for relief. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff has made no effort to satisfy this standard, but instead appears intent on obscuring the nature of and factual basis for his claims in this case.

> Moreover, he cites a litany of state and federal laws — *e.g.*, criminal statutes that do not confer a private right of action — without any attempt to allege facts that might forge a link between these laws and a viable cause of action.
>
> Under this record, no amount of liberal construction of Plaintiff's *pro se* submissions can rescue this suit from dismissal. While it is evident that Plaintiff is dissatisfied with the outcome of the state court tax foreclosure and landlord/tenant proceedings, it is far less clear how he proposes to forge a link between this dissatisfaction and a viable cause of action that lies within this Court's subject matter jurisdiction. Instead, for the reasons identified in Defendants' motions and discussed above, the Court finds that Plaintiff's complaint must be dismissed.

Nassar El v. Smith, No. 11-11957, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012); *see also* Samples v. Bank of Am., N.A., No. 3:12-CV-44, 2012 WL 1309135, at *3 (E.D. Tenn. Apr. 16, 2012) (dismissing complaint under Rules 8(a) and 12(b)(6) where "[t]he specific factual allegations of the complaint consist of, at most, two sentences relating to the Property and the origination of plaintiff's loan" and the remainder of the complaint addresses "the mortgage industry, mortgage-backed securities, and allegations of misconduct against the mortgage industry and its processes as a whole" with no discussion of the allegedly wrongful conduct of BANA and its impact on plaintiffs); Bajwa v. John Adams Mortg. Co., No. 11-CV-12183-DT, 2011 WL 6009266, at *6 (E.D. Mich. Nov. 30, 2011) (dismissing certain claims in action challenging a foreclosure as incomprehensible);

9

Smith v. MERS, No. 10-125008, 2011 WL 4469148, at *3-4 (E.D. Mich. Aug. 4, 2011) (report and recommendation), adopted, 2011 WL 4479481 (E.D. Mich. Sept. 27, 2011); Sherman v. Saxon Mortg. Servs., Inc., No. 10-2282-STA-tmp, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (dismissing pro se complaint for numerous reasons, including failure to comply with Rule 8(a)).

## **ANALYSIS**

On February 11, 2015, Plaintiffs filed this *pro se* complaint seeking relief from an attempted foreclosure of a house. Plaintiffs' Complaint is vague and difficult to decipher. Plaintiffs allege that a promissory note and trust deed were prepared on October 1, 2008. Plaintiffs allege that the trust deed did not name or confer any power of foreclosure, that the Defendant does not have any claim to the note, and that the Plaintiffs have more right to possess the property than Defendant.

The foreclosure also had been held in abeyance since Mr. Hart filed bankruptcy on January 13, 2015. Later this bankruptcy was dismissed[3], but this was followed by a second bankruptcy filed on April 15, 2015. This second bankruptcy was dismissed May 5, 2015[4].

In this lawsuit, Plaintiffs make claims against the Hardin County Bank and/or Ricky L. Wood as Substitute Trustee, Wood Law

---

3 In re Jeffery Ronald Hart, No. 1:15-BK-10068, filed January 13, 2015, debtor dismissed January 29, 2015, W.D. Tenn.
4 In re Jeffery Ronald Hart, No. 1:15-BK-10805, filed April 15, 2015, debtor dismissed May 5, 2015, W.D. Tenn.

10

Offices, P.C., Ricky L. Wood and John Does 1-10 alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate and Settlement Procedures Act ("RESPA"). There also is a state claim for replevin. Plaintiffs amend the FDCPA claim within this Complaint itself at Count IV.

To the extent Plaintiffs had a legitimate claim under the cited lender liability and credit reporting statutes, their claims are clearly barred by the applicable statutes of limitations.

Depending on the particular RESPA claim, the statute of limitations of is one to three years after the purchase date of this house by Plaintiffs on October 1, 2008. Therefore, the RESPA claims here (Counts II and III and V) are time-barred under either statutory limit since it was filed February 11, 2015, more than three years after the October 1, 2008 purchase. *See* 12 U.S.C. § 2614 (providing one-year and three-year limitations periods for actions brought under RESPA.)

Plaintiffs' other federal claim is an alleged violation of the Fair Debt Collection Practice Act first stated in Counts I and II, but immediately amended within this same Complaint at Count IV. The Court considers only the amendment. In this Count IV, Plaintiffs challenge Ricky L. Wood as "not a trustee named in the trust deed under which it now seeks to foreclose." Further, Plaintiffs mention the original Trustee Gordon Majors, calling Defendant Wood a

"substitute trustee for an unknown and unidentified trust." In doing so, Plaintiffs concede Defendant Wood is the Trustee, but simply neglect Tenn. Code Ann. § 35-5-114 that makes provision for successor trustees and *inter alia*, this Successor Trustee succeeding to all the power, duties, authority and title of the original Trustee and any previous Successor or Trustee or delegate. Simply put, there is no merit to the Plaintiffs' legal challenge of Defendant Wood as a Successor Trustee.

Further, there is no showing or claim by Plaintiffs that this Successor Trustee is a "debt collector" within the meaning of the FDCPA. Law-firms initiating non-judicial foreclosures are not "debt collectors" within the meaning of the FDCPA if they were only acting as "debt collectors" for the sole purpose of enforcing a security interest. Gibson v. Mortgage Electronic Registration Systems, Inc. No. 11-2173-STA, 2011 WL 3608538, at *5(W.D. Tenn. 2011).

For all of the reasons above, this Court recommends that Plaintiffs' federal claims be dismissed with prejudice.

The remaining claim of replevin is a state claim. Federal courts are empowered with supplemental jurisdiction over "any civil action of which the District Courts have original jurisdiction" when the additional claims are "so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution."

28 U.S.C. §367(a). See also <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715 (1966) codified in § 1367 (a) holding jurisdiction over pendent State law claims is proper only when the state claim and the federal claim(s) over which the court has original jurisdiction "derive from a common nucleus of operative fact" and are so closely related that the plaintiff "would ordinarily be expected to try all of them in one judicial proceeding.") Given the fact that all federal claims are recommended to be dismissed, the Magistrate Judge also recommends that this Court decline to exercise its supplemental jurisdiction over Plaintiffs' state law claim and that this state law claim be dismissed without prejudice.

Respectfully Submitted this 24th day of June, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**