IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFF AND MARLENE HART,

    Plaintiffs,

v.                                                                             No. 1:15-cv-1028-JDB-egb
                                                                            No. 1:15-cv-1143-JDB-egb

RICKY L. WOOD, INDIVIDUALLY
AND AS SUBSTITUTE TRUSTEE,
WOOD LAW OFFICES, P.C.,
THE HARDIN COUNTY BANK,
AND JOHN DOES 1-10,

    Defendants.
_____

ORDER OVERRULING PLAINTIFFS' OBJECTION TO REPORTS AND
RECOMMENDATIONS, ADOPTING REPORTS AND RECOMMENDATIONS AND
DISMISSING CASES
_____

        The Plaintiffs, Jeff and Marlene Hart, brought a *pro se* action on February 11, 2015 alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Real Estate & Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, and Tennessee law. (*Hart v. Wood, et al.*, No. 1:15-1028-JDB-egb (W.D. Tenn.), Docket Entry ("D.E." 1.) On June 4, 2015, a *pro se* complaint filed by the Harts, alleging identical claims, was transferred from the United States District Court for the Northern District of Alabama to this Court. (*Hart v. Wood, et al.*, No. 1:15-1143-JDB-egb (W.D. Tenn.), D.E. 1.) United States Magistrate Judge Edward G. Bryant screened them together pursuant to 28 U.S.C. § 1915, and entered a report and recommendation on June 24, 2015, recommending that they be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs filed a one-page objection on July 9,

2015.

When objections are made to a report and recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Magistrate Judge found that the RESPA claims were barred by the statute of limitations, the FDCPA claims failed because Tenn. Code Ann. § 35-5-114 provides that any successor trustee automatically succeeds to all of the powers, duties, authority, and title of the original trustee, and because Defendant Wood, the successor trustee in this matter, was not a "debt collector" as defined by the statute. Because the federal claims were subject to dismissal, Magistrate Judge Bryant recommended that the Court decline to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claim.

Plaintiffs' contention that the reports and recommendations are an "abuse of discretion" is non-specific, vague, and does not constitute a proper objection. *See Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001) (the filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object); *Seals v. Seals*, No. 2:14-cv-2058-JPM-cgc, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely."). Upon review of the reports and recommendations, the Court finds no basis for rejection or modification of the recommended

dispositions. Accordingly, the reports and recommendations are ADOPTED in their entirety. Plaintiffs' complaints are hereby DISMISSED.

IT IS SO ORDERED this 15th day of July, 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE